29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick R. McMAHON, Defendant-Appellant.
 No. 93-16478.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick R. McMahon appeals pro se the district court's summary judgment for the United States in the government's action to recover unpaid civil penalties imposed against McMahon by the United States Coast Guard. The Coast Guard penalized McMahon for violating 46 U.S.C. Sec. 3311(a) and 46 C.F.R. Sec. 176.01-1 by carrying passengers aboard two vessels, Gallant Knight and Gallic Prince, without valid certificates of inspection.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The district court reviews a Coast Guard decision imposing penalties to determine whether substantial evidence supports the Coast Guard's decision and whether the decision is arbitrary or capricious. See United States v. Healy Tibbits Constr. Co., 713 F.2d 1469, 1474-76 (9th Cir.1983); 5 U.S.C. Sec. 706.[2]
 
 
 4
 The Coast Guard penalized McMahon for carrying passengers on his vessels without a valid certificate of inspection. The violations occurred on three occasions: (1) on December 9, 1988, when both Gallant Knight and Gallic Prince were used for a dinner cruise; (2) on August 4, 1989, when Gallant Knight was chartered for a cruise; and (3) on November 11, 1990, for another charter of Gallant Knight.
 
 
 5
 The district court's only task was to determine whether substantial evidence supports the Coast Guard's imposition of penalties on McMahon. See Healy Tibbits Constr. Co., 713 F.2d at 1474-76. The record shows that at all relevant times McMahon did not have valid certificates of inspection for either of his vessels.[3] Considering the record as a whole, this evidence was adequate to support the Coast Guard's decisions. See Wardell v. Department of Transp., 884 F.2d 510, 513 (9th Cir.1989) (stating that "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (quotations omitted)).
 
 
 6
 To the extent McMahon contends the Coast Guard's decisions were arbitrary and capricious because he received the maximum penalty of $2,000 for each of his violations, that contention lacks merit. The statute authorizes a penalty of up to $2,000 for the type of violation committed by McMahon. See 46 U.S.C. Sec. 3318(j)(1). The record shows that McMahon violated the statute and regulations at three different times and that he knew he did not have valid certificates of inspection when he operated his vessels. Under the circumstances, it was not arbitrary or capricious for the Coast Guard to impose the maximum penalty on McMahon for each violation.
 
 
 7
 McMahon contends he was not liable for the penalties because the charters that resulted in the penalties were "demise" or "bareboat" charters, and, therefore, the charterers of his vessels were liable. This contention lacks merit.
 
 
 8
 It is true that for either a demise or bareboat charter, the charterer of the vessel is treated as the owner for many purposes. See Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 849 n. 1 (9th Cir.1993); Institute of London Underwriters v. Sea-Land Serv., Inc., 881 F.2d 761, 767 (9th Cir.1989). The record shows, however, that McMahon did not argue before the Coast Guard hearing officer that the December 9, 1988 charter was such a charter, and that substantial evidence supports the Coast Guard's determination that the August 4, 1989 charter was not such a charter. In addition, although the Coast Guard hearing officer agreed with McMahon that the November 11, 1990 charter was such a charter, McMahon has not cited any authority, nor are we aware of any, that he was thereby relieved of his obligation as the true owner of Gallant Knight to maintain a valid certificate of inspection.
 
 
 9
 McMahon also contends he should not have been penalized for the use of Gallic Prince on December 9, 1988 because that vessel was only used as a dockside dining hall and never left the dock. This contention lacks merit. McMahon has cited to no authority for the proposition that a certificate of inspection is unnecessary simply because the vessel never leaves the dock. Thus, it appears the Coast Guard correctly held that even though Gallic Prince never left the dock, McMahon was required to have a valid certificate of inspection. See 46 U.S.C. Sec. 3311(a) (vessel may not be "operated" without certificate of inspection); H.R.Rep. No. 338, 98th Cong., 1st Sess. 121, reprinted in 1983 U.S.C.C.A.N. 924, 933 (words "operate on" or "on" intended to cover "all operations of a vessel when it is at the pier, idle in the water, at anchor, or being propelled through the water").[4]
 
 
 10
 Finally, McMahon contends the district court erred by failing to grant a continuance for further discovery under Fed.R.Civ.P. 56(f). This contention lacks merit. McMahon does not explain what evidence he would have discovered that would show the Coast Guard's decisions are not supported by substantial evidence.[5] Moreover, the record shows that McMahon, who was represented by counsel below, never filed an affidavit stating why he was unable to present facts essential to his case. Thus, the district court was not required to allow further discovery before granting summary judgment. See Fed.R.Civ.P. 56(f); see also Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir.1991) (holding that party must submit supporting affidavit to invoke Rule 56(f)), cert. denied, 113 S.Ct. 413 (1992).[6]
 
 
 11
 McMahon explicitly stated in his notice of appeal that he was not appealing the district court's dismissal of his counterclaims. Although he mentioned the dismissal in his statement of the issues on appeal, he has failed to make any arguments regarding that decision. He has therefore waived his right to challenge that decision. See All Pac. Trading, Inc. v. Vessel M/V Hanjin Yosu, 7 F.3d 1427, 1434 (9th Cir.1993), cert. denied, 114 S.Ct. 1301 (1994).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's request for oral argument is therefore denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 3311(a) provides, in pertinent part, that "a vessel subject to inspection under this part may not be operated without having on board a certificate of inspection issued under section 3309 of this title." 46 U.S.C. Sec. 3311(a). Section 176.01-1 similarly provides that "every vessel subject to inspection and certification shall, when carrying more than six passengers, have on board a valid certificate of inspection." 46 C.F.R. Sec. 176.01-1(a)
 
 
 [2]
 The government contends McMahon inappropriately seeks de novo review of the Coast Guard's decisions. Although McMahon has never explicitly advocated such review, to the extent he implicitly contends that such review is proper, we reject his contention
 
 
 [3]
 McMahon's contention that he had a valid certificate of inspection for Gallant Knight is refuted by evidence that the Coast Guard deactivated that certificate in November 1988. There is no evidence in the record to support McMahon's contention that he obtained a 30-day extension of the certificate on December 8, 1988
 
 
 [4]
 McMahon also appears to contend he was not liable for any penalties because he would have had a valid certificate of inspection but for the Coast Guard's harassment of him. We reject this contention as both irrelevant and meritless
 
 
 [5]
 McMahon only asserts that he wanted to depose the Coast Guard employees responsible for harassing him
 
 
 [6]
 McMahon attached to his opening brief a copy of a Rule 56(f) affidavit purportedly prepared by his former attorney. The record shows, however, that the attorney never filed the affidavit and never actually requested a continuance